# FELONY COMPLAINT

Citation No.  
Case No: 2019CR310133

Return Date: 02/18/2019  
Docket No.:_____

**DISTRICT COURT OF THE COUNTY OF NASSAU**  
**FIRST DISTRICT**

---

**THE PEOPLE OF THE STATE OF NEW YORK**
     -against-

| Name | DOB | Age | Address | Arrest No | Arrest Date/Time |
|---|---|---|---|---|---|
| Hasper, William F | 11/3/1966 | 52 | 1006 MITCHEL FIELD WAY EAST GARDEN CITY, NY 11530 | 2019AR501556 | 2/17/2019 21:25 |

In the State of New York, County of Nassau: DET Ryan M Lunt, Shield No. 1313, being a member of the Nassau County Police Department deposes and says that on or about the 15th day of February, 2019, at about 12:25 PM, and between the 15th day of February, 2019, at about 12:30 PM, at ifo 750 old country rd. carle place, the defendant committed the following offense(s):

| Count | Offense | Desc. | Class-Category |
|---|---|---|---|
| 1 | PL 120.05 03 | ASSAULT 2ND: W/INTENT CAUSE PHYS INJURY TO OFFICER/FIREMAN | D - F  Violent |
| 2 | VTL 600 2AA | LEAVE SCENE OF INCIDENT: INJURY- 1ST OFFENSE | A - M |
| 3 | VTL 1163 A | UNSAFE TURN/FAILURE TO SIGNAL | - I |
| 4 | VTL 402 1B | REGISTRATION OF MV COVERED OR DISTORTED PLATE | - I |
| 5 | VTL 375 1A | EQUIPMENT INADEQUATE BRAKES/STEERING/HORN | - I |

**Count 1** - A person is guilty of assault in the second degree when: 3. With intent to prevent a peace officer, a police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, New York city sanitation worker, a firefighter, including a firefighter acting as a paramedic or emergency medical technician administering first aid in the course of performance of duty as such firefighter, an emergency medical service paramedic or emergency medical service technician, or medical or related personnel in a hospital emergency department, a city marshal, a traffic enforcement officer or traffic enforcement agent, from performing a lawful duty, by means including releasing or failing to control an animal under circumstances evincing the actor's intent that the animal obstruct the lawful activity of such peace officer, police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, New York city sanitation worker, firefighter, paramedic, technician, city marshal, traffic enforcement officer or traffic enforcement agent, he or she causes physical injury to such peace officer, police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, New York city sanitation worker, firefighter, paramedic, technician or medical or related personnel in a hospital emergency department, city marshal, traffic enforcement officer or traffic enforcement agent.

**Count 2** - Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his or her license and insurance identification card for such vehicle, when such card is required pursuant to articles six and eight of this chapter, and give his or her name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and effective dates of said individual's insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he or she shall report said incident as soon as physically able to the nearest police station or judicial officer.

**Count 3** - No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section eleven hundred sixty, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.

**Count 4** - Distinctive number, form of number plates, trailers. 1. (b) Number plates shall be kept clean and in a condition so as to be easily readable and shall not be covered by glass or any plastic material, and shall not be knowingly covered or coated with any artificial or synthetic material or substance that conceals or obscures such number plates or that distorts a recorded or photographic image of such number plates, and the view of such number plates shall not be obstructed by any part of the vehicle or by anything carried thereon, except for a receiver-transmitter issued by a publicly owned tolling facility in connection with electronic toll collection when such receiver-transmitter is affixed to the exterior of a vehicle in accordance with mounting instructions provided by the tolling facility.

**Count 5** - Every motor vehicle, operated or driven upon the public highways of the state, shall be provided with adequate brakes and steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use, and a suitable and adequate horn or other device for signaling, which horn or device shall produce a sound sufficiently loud to serve as a danger warning but shall not be used other than as a reasonable warning nor be unnecessarily loud or harsh.

**To Wit:** Deponent states that deponent is informed by victim, who is an on duty Police Sergeant of Nassau County Police Department, that on February 15, 2019 at approximately 12.25 pm, that victim was working and in Plain Clothes. Deponent further states that deponent is informed by victim that victim was entering the parking lot of Bethpage Federal Credit Union located at 750 Old Country Rd. Westbury.

Deponent further states that Deponent is informed by victim that victim did observe Defendant Hasper operating NY Registration 88USMA 2015 Black GMC Sierra Pickup in violation of VTL's 1163A Unsafe Left Turn and 3751A Excessive Use of Horn. After exiting their motor vehicles in the parking lot, Victim did approach the defendants vehicle and identified himself as an on duty Nassau County Police Sergeant verbally and by displaying his shield. The Victim did explain to defendant Hasper that he was going to call for a marked police motor vehicle and issue him a traffic summons. At 1230hrs Victim while standing in the rear of defendants vehicle in an attempt to take police action did notice an additional VTL 402.1b rear License Plate obstructed. The defendant did then put his vehicle in reverse and did intentionally strike the victim multiple times with his motor vehicle in an attempt to flee the scene. The victim did then walk around to the front of defendants motor vehicle at which time the defendant did again intentionally strike the victim causing the victim substantial pain and physical injury to his right leg. The defendant did leave the scene without identifying himself which is in violation of 600.2a leaving the scene of incident with physical injury.

The above is based on information and belief, the source of said information and basis for said belief being the investigation conducted by your deponent, the information given to your deponent by the victim, the signed supporting deposition of the witness, and surveillance video of the incident.

Any false statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law, and as other crimes.

Subscribed before me this 18th day of February, 2019

_____             _____

DET Ryan M Lunt                                              LT Justin E Garbedian