SUPREME COURT: COUNTY OF NASSAU
STATE OF NEW YORK

---

THE PEOPLE OF THE STATE OF NEW YORK

-against-

WILLIAM HASPER,

                                                        Defendant

---

      THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, accuses the defendant of the crime of ASSAULT IN THE SECOND DEGREE, in violation of Section 120.05 Subdivision 3 of the Penal Law of the State of New York committed as follows:

      The defendant, WILLIAM HASPER, on or about the 15th day of February, 2019, in the County of Nassau, State of New York, with intent to prevent a peace officer, police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, a firefighter, including a firefighter acting as a paramedic or emergency medical technician administering first aid in the course of performance of duty as such firefighter, an emergency medical service paramedic or emergency medical service technician, or medical or related personnel in a hospital emergency department, a city marshal, a traffic enforcement officer or a traffic enforcement agent, from performing a lawful duty, by means including releasing or failing to control an animal under circumstances evincing the actor's intent that the animal obstruct the lawful activity of such peace officer, police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, firefighter, paramedic, technician, city marshal, traffic enforcement officer or traffic enforcement agent, caused physical injury to such peace officer, police officer, registered nurse, licensed practical nurse, sanitation enforcement agent, firefighter, paramedic, technician or medical or related personnel in a hospital emergency department, city marshal, traffic enforcement officer or traffic enforcement agent from performing a lawful duty, did cause physical injury to such person.

SECOND COUNT

      AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of ASSAULT IN THE THIRD DEGREE, in violation of Section 120.00 Subdivision 1 of the Penal Law of the State of New York committed as follows:

      The defendant, WILLIAM HASPER, on or about the 15th day of February, 2019, in the County of Nassau, State of New York, with intent to cause physical injury to another person, did cause such injury to another person.

THIRD COUNT

      AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of RECKLESS ENDANGERMENT IN THE SECOND DEGREE, in violation of Section 120.20 of the Penal Law of the State of New York committed as follows:

The defendant, WILLIAM HASPER, on or about the 15th day of February, 2019, in the County of Nassau, State of New York, did recklessly engage in conduct which created a substantial risk of serious physical injury to another person.

## FOURTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of LEAVING THE SCENE OF AN INCIDENT WITHOUT REPORTING in violation of Section 600-2a of the Vehicle & Traffic Law of the State of New York, committed as follows:

The defendant, WILLIAM HASPER, on or about the 15th day of February, 2019, in the County of Nassau, State of New York, did operate a motor vehicle and knowing or having cause to know that personal injury had been caused to another person due to an incident involving the motor vehicle operated by such person, before leaving the place where the said personal injury occurred, failed to stop, exhibit his license and insurance identification card for such vehicle, when such card was required pursuant to article six and eight of this chapter, and to give his name, residence, including street and number, insurance carrier and insurance identification information, including but not limited to the number and effective dates of said individual's insurance policy and license number to the injured party, if practical, and also to a police officer or in the event that no police officer is in the vicinity of the place of said injury, then the defendant failed to report the said incident as soon as physically able to the nearest police station or judicial officer.

## FIFTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of A VIOLATION OF SECTION 1163-a OF THE VEHICLE & TRAFFIC LAW OF THE STATE OF NEW YORK, committed as follows:

The defendant, WILLIAM HASPER, on or about the 15th day of February, 2019, in the County of Nassau, State of New York, did operate a motor vehicle on a public highway and did turn that vehicle from a direct course or did move right or left upon a roadway without giving an appropriate signal of intention to turn continuously during not less than the last 100 feet travelled by the vehicle before turning from the direct course or moving right or left upon the roadway.

## SIXTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of in violation of Section 402-1(b) OF THE VEHICLE & TRAFFIC LAW OF THE STATE OF NEW YORK, committed as follows:

The defendant, WILLIAM HASPER, on or about the 15th day of February, 2019, in the County of Nassau, State of New York, failed to keep his number plates clean and in a condition so as to be easily readable or kept them covered by glass or any plastic material or knowingly covered or coated with any artificial or synthetic material or substance that concealed or obscured such number plates or that distorted a recorded or photographic image of such number plates, or the view of such plates was obstructed by any part of the vehicle or by anything carried thereon, except for a receiver-transmitter issued by a publicly owned tolling facility in connection with electronic toll collection when such receiver-transmitter is affixed to the exterior of a vehicle in accordance with mounting instructions provided by the tolling facility.

## SEVENTH COUNT

AND THE GRAND JURY OF THE COUNTY OF NASSAU, by this indictment, further accuses the defendant of the crime of A VIOLATION OF SECTION 375.1(a), OF THE VEHICLE & TRAFFIC LAW OF THE STATE OF NEW YORK committed as follows:

The defendant, WILLIAM HASPER, on or about the 15th day of February, 2019, in the County of Nassau, State of New York, did operate or drive a motor vehicle upon the public highways of the state without adequate brakes and steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use, and a suitable adequate horn or other device for signaling, which horn or device shall produce a sound sufficiently loud to serve as a danger warning but shall not be used other than as a reasonable warning nor be unnecessarily loud or harsh.

Dated: May 9, 2019
Mineola, New York

MADELINE SINGAS
District Attorney

BY: *Christopher Mango*
Christopher Mango
Assistant District Attorney