UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM F. HASPER,

        Plaintiff,

    v.                              **DECISION & ORDER**
                                       20-CV-2349 (WFK)(ST)
COUNTY OF NASSAU, *et al.*,

        Defendants.
----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** On July 2, 2020, William F. Hasper ("Plaintiff") filed an amended complaint against the County of Nassau and several members of the Nassau County Police Department ("NCPD") alleging Defendants violated his rights under the United States Constitution as well as the Constitution and laws of the State of New York. On November 23, 2020, Defendants filed a motion for partial dismissal of the Amended Complaint. ECF No. 25. For the reasons set forth below, Defendants' motion for partial dismissal is DENIED. However, Plaintiff has withdrawn his eighth claim based on "continued harassment." *See* Pl. Opp. at 2. Accordingly, Plaintiff's claim for continued harassment is hereby DISMISSED. All other claims survive Defendants' motion to dismiss.

# BACKGROUND[1]

On July 2, 2020, William F. Hasper ("Plaintiff") filed an amended complaint against the County of Nassau and several members of the Nassau County Police Department ("NCPD") alleging Defendants violated his rights under the United States Constitution as well as the Constitution and laws of the State of New York. Amended Complaint ("Am. Compl."), ECF No. 14. The allegations in the Complaint arise out of a February 15, 2019 incident in the parking lot of the Bethpage Federal Credit Union ("BFCU") in Westbury New York between Plaintiff, a former Lieutenant and Commanding Officer of the Suffolk County Police Department

---

[1] The following facts are taken from the Amended Complaint, ECF No. 14, and are assumed to be true for the purposes of this memorandum and order.

("SCPD"), and Sergeant/ Defendant William S. Russell, who was in plainclothes and driving an unmarked car at the time. *Id.* at ¶ 1.

Sgt. Russell was waiting for a parking space in the bank parking lot and obstructing the entrance to the parking lot with his car. *Id.* Plaintiff, who was in his car behind Sgt. Russell honked his horn at Russell, because his own vehicle was at risk of being struck by oncoming traffic. *Id.* ¶ 51. After both vehicles entered the parking lot, Sgt. Russell started cursing at Plaintiff. *Id.* ¶ 57. Plaintiff then briefly entered the bank but decided to leave to diffuse the situation. *Id.* ¶¶ 65–72. Sgt. Russell then attempted to prevent Plaintiff from leaving by standing behind, and then in front of, Plaintiff's truck. *Id.* ¶¶ 75–79. Plaintiff alleges, and the bank's Security Guard, Cameron Grady, confirmed, Plaintiff was careful not to strike Sgt. Russell as he pulled out of the parking lot. *Id.* Despite that, Plaintiff alleges Sgt. Russell and members of the NCPD fabricated evidence and falsely charged Plaintiff with various crimes and traffic infractions. *Id.* ¶¶ 294–303. Plaintiff also alleges Defendants unlawfully entered and searched his home and truck, and issued a false alarm which caused him to be unlawfully stopped on two separate occasions— once by members of the Suffolk County Police Department ("SCPD"), and again by a New York State Trooper. *Id.* ¶¶ 304–30.

On May 9, 2019, Plaintiff was indicted on seven charges including Assault in the Second and Third Degrees, Reckless Endangerment, and four Vehicle and Traffic Law violations arising from the February 15, 2019 incident. *Id.* ¶ 263. A nonjury trial was conducted between January 31 and February 5, 2020 after which Judge Christopher Quinn found Plaintiff guilty of Reckless Endangerment, unsafe left turn/failure to signal, covered or distorted license plate, and inadequate brakes, steering or horn, and found Plaintiff not guilty of the remaining three charges. *Id.* ¶¶ 271–76.

Plaintiff commenced this action in May 2020 alleging claims for malicious prosecution under 42 U.S.C. § 1983, due process fabricating/falsifying evidence under the Fourteenth Amendment, Fourth Amendment unlawful search of his home, Fourth Amendment false imprisonment for the March 9 and May 6, 2019 truck stops, Fourth Amendment unlawful search of his truck, supervisory liability, Fourteenth Amendment "continued harassment," and six pendent state law claims. ECF No. 1.

Defendants now move to dismiss the first, second, fourth, sixth, seventh and eighth federal claims, and five of six pendent state law claims pursuant to Fed. R. Civ. P. 12(b)(6). Def. Mem. in Support of Motion to Dismiss ("Def. Mem."), ECF No. 25. Defendants do not move to dismiss Plaintiff's third claim, for unlawful search of his home; his fifth claim, for unlawful seizure and search of his truck; his twelfth claim, for unlawful seizure and search of his truck under state law; and his fourteenth claim, for respondeat superior. *Id*. Plaintiff has withdrawn his eighth claim based on "continued harassment." *See* Pl. Mem. at 2. For the reasons set forth below, Defendants' motion for partial dismissal is DENIED.

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for which relief can be granted under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.; *see also Cox v. Spirit Airlines*, 786 Fed. App'x 283, 284–85 (2d Cir. Sept. 10, 2019) (summary order). A complaint must be

dismissed where, as a matter of law, "the allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

In considering a motion to dismiss, the Court must accept all of the non-movant's factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Id.* at 555; *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). But a complaint should be dismissed only where it seems beyond doubt the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir. 2005) (internal citations omitted).

## DISCUSSION

### I. Malicious Prosecution

Defendants first move to dismiss Plaintiff's malicious prosecution claims brought under § 1983 and New York state law. To state a claim for malicious prosecution, a plaintiff must allege—"(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions"—as well as a violation of the plaintiff's rights under the Fourth Amendment. *Manganiello v. City of New York*, 612 F.3d 149, 160–61 (2d Cir. 2010) (citations and quotation marks omitted); *Cornejo v. Bell*, 592 F.3d 121, 129 (2d Cir. 2010) ("And § 1983, in recognizing a malicious prosecution claim when the prosecution depends on a violation of federal rights, adopts the law of the forum state so far as the elements of the claim for malicious prosecution are concerned." (citation omitted)).

4

A grand jury indictment "gives rise to a presumption that probable cause exists" and thereby defeats a claim for malicious prosecution. *Rentas v. Ruffin*, 816 F.3d 214, 220 (2d Cir. 2016) (quoting *McClellan v. Smith*, 439 F.3d 137, 145 (2d Cir. 2006)). "If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *McClellan*, 439 F.3d at 145. A plaintiff may demonstrate fraud or perjury through "evidence establishing that the [ ] witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." *Rothstein v. Carriere*, 373 F.3d 275, 283 (2d Cir. 2004); *see also Ying Li v. City of New York*, 246 F. Supp. 3d 578, 611–12 (E.D.N.Y. 2017) (Chen, J.).

As an initial matter, the Court notes Plaintiff is only bringing malicious prosecution claims as to the three charges of which he was acquitted in state court, namely, the first, second and fourth criminal charges brought against him. Because Plaintiff was indicted on these charges by a grand jury, Plaintiff must allege "the indictment was procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith'" in order to survive the motion to dismiss. *Savino*, 331 F.3d at 72 (quoting *Colon*, 60 N.Y.2d at 83). Plaintiff has done so.

Plaintiff alleges Defendants conspired to create incriminating and false evidence after two independent witnesses, the bank's assistant manager, Lorena Baez, and the bank's security guard, Grady, failed to corroborate Sgt. Russell's claims about Plaintiff. Specifically, Plaintiff alleges Defendants fabricated a statement which they then attributed to Grady. Plaintiff alleges Grady read that statement for the first time on January 6, 2020 and wrote a letter to the state

5

court judge who presided over Plaintiff's criminal trial advising that the statement Defendants had him sign was false. Further, Plaintiff alleges Sgt. Russell faked a foot injury and checked himself into the emergency room in order create documentation of the injury in support of the charges. This is sufficient to overcome the presumption of probable cause at this stage of the litigation. *See Anilao v. Spota*, 774 F.Supp.2d 457, 494 (E.D.N.Y. 2011) (Bianco, J.) (denying defendant's motion to dismiss finding that plaintiff sufficiently overcame the presumption of probable cause by alleging that the grand jury indictment was based on falsified evidence and testimony in spite of defendant's knowledge of significant exculpatory evidence, and that the defendants agreed to present false evidence to the grand jury); *McLennon v. New York City*, 13-CV-128, 2015 WL 1475819 at *8 (E.D.N.Y. Mar. 31, 2015) (Matsumoto, J.) (finding sufficient allegations similar to Plaintiff's allegations about Defendants procuring indictment in bad faith); *see also Brandon v. City of New York*, 705 F.Supp.2d 261, 273–74 (S.D.N.Y. 2010) (Preska, C.J.) (denying summary judgment to defendant with respect to malicious prosecution claim where jury could reasonably find that the indictment was secured through bad faith or perjury). Accordingly, Defendants' motion to dismiss Plaintiff's federal and state law malicious prosecution claims is DENIED.

## II. Due Process Fabricating/ Falsifying Evidence

Plaintiff also brings claims, under § 1983 and New York law, against Defendants asserting a violation of the Fourteenth Amendment for alleged "fabricating/falsifying evidence." Defendants move to dismiss this claim arguing the Complaint fails to sufficiently allege that Defendants manufactured evidence that influenced the state judge's decision finding Plaintiff guilty of Reckless Endangerment and three Vehicle and Traffic Law violations. Defs. Mem. at 2.

A plaintiff asserting a violation of the Fourteenth Amendment for fabricating and/or falsifying evidence must allege "an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039,* 838 F.3d 265, 280 (2d Cir. 2016). The fabrication of evidence alone does not deprive a plaintiff of his fair trial rights. *Ashley v. City of New York,* 2018 WL 6419951, at *3 (E.D.N.Y. Dec. 6, 2018) (Garaufis, J.). One of the "limiting principles" that "restrict[s]" fair trial claims based on fabricated evidence is the requirement that the fabricated evidence be "likely to influence a jury's verdict." *Garnett,* 838 F.3d at 280.

Defendants only challenge the third element. However, at this stage of the litigation, all Plaintiff is required to plead is facts alleging Defendants fabricated evidence that was "likely to influence" the verdict. Plaintiff need not allege that fabricated evidence *in fact* influenced the trier of fact's decision. *Simon v. Cruz*, 2020 WL 2837020, at *2 (E.D.N.Y. June 1, 2020) (Garaufis, J.) ("[O]ne can show that fabricated evidence is material by demonstrating that it *may* affect or *could* influence the prosecutor's decision-making; the case law does *not* require a showing that it *did* affect the decision-making."(emphasis in original )). Plaintiff has met that burden, and thus Defendants' motion to dismiss the fabrication and/or falsification of evidence claims is DENIED.

### III. Unlawful Seizure and False Imprisonment for Plaintiff's March 9, 2019 and May 6, 2019 Arrests

Plaintiff's fourth and eleventh claims allege unlawful seizure and false imprisonment on March 9, 2019 under § 1983 and New York law, respectively. *See* Am. Compl. ¶¶ 309–18, 366–

71. And his seventh and thirteenth claims allege unlawful seizure and false imprisonment on May 6, 2019, under § 1983 and New York law, respectively. *See id.* ¶¶ 336–44, 379–84.

Defendants argue these claims should be dismissed because Plaintiff was detained by Suffolk County police officers and New York state troopers and not any members of the Nassau County Police Department on these days. However, Plaintiff argues a defendant need not physically seize an individual to be liable for unlawful seizure, false arrest, or false imprisonment. Generally, "a police officer [may] be liable for a false arrest that occurs outside of his presence if he 'had reason to know' that such a false arrest was likely to occur." *Escalera v. Lunn,* 361 F.3d 737, 748 n.4 (2d Cir. 2004) (*quoting Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir. 1994). In *Pizarro v. Kasperzyk*, 596 F. Supp. 2d 314, 318 (D. Conn. 2009) (Bryant, J.), the Court held a non-arresting officer liable for false arrest of the plaintiff because that officer gave the arresting officer a false report which the Court found he expected to cause Plaintiff's arrest. *Id.* This case is analogous. Plaintiff alleges that Defendants' misconduct *caused* Plaintiff to be unlawfully seized and falsely imprisoned on March 9 and May 6, 2019. Plaintiff alleges Defendants issued a false alarm which stated that Plaintiff's truck was stolen, Plaintiff was "armed," and he was "wanted" by the NCPD Third Squad. *See* Am. Compl. ¶ 193. Based upon their training and experience, Plaintiff alleges Defendants knew the false alarm would result in a felony car stop. This is sufficient to withstand dismissal of these claims against the Defendants in this case. Accordingly, Defendants' motion to dismiss Plaintiff's state and federal unlawful seizure and false imprisonment claims with respect to his March 9, 2019 and May 6, 2019 arrests is DENIED.

IV. **Supervisory Liability against Hussain**

Plaintiff's sixth claim alleges § 1983 supervisory liability against Sergeant/ Defendant Hussain, based upon his order to uniformed police personnel to seize and then drive off in Plaintiff truck, and then search and retain it for ten days. *See* Am. Compl. ¶¶ 331–35.

Specifically, the Complaint alleges Sgt. Hussain directly participated in the unconstitutional seizure and search of Plaintiff's truck by *ordering* that the unconstitutional conduct be committed, *see id*. ¶ 333, and he was deliberately indifferent to Plaintiff's rights by failing to act when he knew that the unconstitutional acts were occurring. *See id*. ¶ 334.

A supervisor may be held liable for the constitutional violations committed by his subordinates, so long as the supervisor has "personal involvement in the alleged constitutional deprivation." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 101 (E.D.N.Y. 2016) (Brodie, J.) (*quoting Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013)). Plaintiff has stated a claim for supervisory liability against Sgt. Hussain, as his allegation that Sgt. Hussain ordered Plaintiff's truck be seized constitutes personal involvement. Accordingly, Defendants' motion to dismiss the supervisory liability claim against Sgt. Hussain is DENIED.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is DENIED. Only Plaintiff's abandoned claim for "continued harassment" is DISMISSED. All other claims survive Defendants' motion to dismiss.

**SO ORDERED.**

s/ WFK

_____

Dated: December 14, 2021  HON. WILLIAM F. KUNTZ, II
Brooklyn, New York  UNITED STATES DISTRICT JUDGE