# The Law Office of
# Anthony M. Grandinette

114 Old Country Rd. Suite 420 • Mineola, NY 11501

Mirel Fisch
Admitted in New York/New Jersey

Of Counsel:
Paul Casteleiro
New Jersey

Telephone: (516) 877-2889
Facsimile: (516) 294-5348
Email: Grandinettelaw@gmail.com

June 28, 2023

Honorable Lee G. Dunst
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

                     Re:     Hasper v. County of Nassau, et al.
                                  Docket No.: 20-cv-2349-WFK-LGD

Dear Judge Dunst:

       Mirel Fisch and I represent the Plaintiff, William Hasper, in the above-referenced matter. Pursuant to Your Honor's electronic scheduling Order dated June 22, 2023, the parties jointly submit this letter with Plaintiff's proposed Order for the Production of Discovery.

       Defendants consent to Plaintiff's proposed Order for the Production of Discovery, including the itemized Outstanding Discovery as of June 28, 2023, annexed to the proposed Order as Exhibit A. Defendants requested until August 28, 2023 to produce the outstanding items, which Plaintiff consented to and included within the proposed Order. The parties are requesting that the Court conduct a status conference on September 5, 2023, or another date convenient to the Court,[1] to address any items which may be outstanding as of that date.

       There is one open issue regarding discovery,[2] which relates to the request for emails from Defendants' personal email accounts (Defendants consented to producing emails from their work accounts). As to that singular issue, the parties state their respective positions below.

       **Defendants' position:**

       Defendants' position is that Plaintiff must first make an evidentiary showing that the named Defendants used their personal email accounts for work or work-related emails before those emails can be considered relevant and discoverable in this litigation. *See Volpe v. Ryder*, 2022 U.S.Dist. LEXIS 168751 at 12 (E.D.N.Y. 2022)(JMW); *La Belle v. Barclays Cap Inc.*, 340 F.R.D. 74, 84 (S.D.N.Y. 2022).

---

[1] I will be away on vacation from September 6-20, 2023, and therefore would be available for a conference before or after those dates.

[2] Pursuant to DE 43, this Court denied Plaintiff's request for the production of cell phone records and photographs of the Defendants, but without prejudice to renew, which Plaintiff will address with Defendants at a later date.

1

Further, to the extent Plaintiff's attorneys claim any demand for personal emails was previously made, they are being disingenuous at best, and making a misrepresentation to the Court at worst. Plaintiff's initial demand for production of documents – to date, the only demand for documents served upon defendants – did not request personal emails. While the specific demand at issue, numbered 1(c), demands, *inter alia*, cell phone records and emails, the demand for cell phone records specifies "personal and business" records, while the demand for emails makes no such specification. It is a presumption beyond reason to assume that demanding emails from police officers regarding an incident they allegedly participated in within the course of their work, would include a demand for personal emails, when no such specification is expressly made.

Finally, to the extent Plaintiff's attorneys argue that Defendants consented to personal emails being included within the scope of discovery in the 4/10/23 joint status letter filed with the Court, they are again being disingenuous. The actual letter that defendants consented to makes no mention of personal emails. The fact that Plaintiff's proposed email search terms included on an attached exhibit makes reference to personal emails does not constitute affirmative consent to their discoverability.

**Plaintiff's position:**

Initially, Plaintiff's discovery demand was served on February 25, 2022, and Defendants first raised this objection one year and four months later—yesterday, June 27, 2023. Accordingly, this objection is waived. *See DeNicola v. Frontline Asset Strategies*, 279 F.R.D. 214, 215 (E.D.N.Y. 2012) ("by its failure to timely respond, the defendant has waived . . . all objections to the document demands except those based on privilege."); *Senat v. City of New York*, 255 F.R.D. 338, 340 (E.D.N.Y. 2009) ("Although the defendants may assert objections solely for the record, no information or documents may be withheld from disclosure on the basis of any objection, all objections having been waived by the failure to respond timely to the above discovery requests. Information and documents may be withheld on the basis of privilege, but the assertion of privilege must be accompanied by a log setting forth the information required by Local Civil Rule 26.2.").

Mr. McLaughlin's claim that Plaintiff's counsels' demand for personal emails is "disingenuous at best" is surprising and disappointing. Especially in light of the fact that Mirel and I spent hours in person and by phone discussing discovery issues with Mr. Reissman, never once raising an issue of integrity. As explained to Mr. McLaughlin, while the demand itself did not specify personal or business emails, it did not limit it to personal or business emails either—it was all inclusive, and Mr. Reisman acknowledged that fact. In fact, after one of the many discovery discussions I had with Mr. Reisman, I emailed him on January 10, 2023, a list of proposed search terms that included a search for "all e-mails, personal and business" (that list was forwarded to Mr. McLaughin on Monday, June 26, 2023, during our meet and confer). Plaintiff's search term list was also attached to the parties' Joint Discovery Status letter dated April 10, 2023 (DE 40 at 2 ¶ 2), as Exhibit F (DE 40-6), which Mr. Reissman reviewed, consented to, and joined in prior to it being filed.

The parties informed the Court of the following, specifically pertaining to the electronic discovery, which included a search of "all e-mails, personal and business" for each individually-named Defendant: "Electronic discovery. I did not receive any of the individually-named Defendants' emails. See Ex. A at 4(c). While I had suggested certain electronic searches in person, via email on January 10, 2022, during a conference call on November 1, 2022, and in letters dated November 22 and December 1, 2022, I was not made aware of these searches having been conducted. *Mr. Reismann however agreed to have the NCPD Legal Bureau run Plaintiff's search terms*, see Ex. F (electronic discovery outline), and produce these documents." *See* DE 40 at 2 ¶ 2 (emphasis added).

As to the merits of Defendants' objection, the two cases Defendants cite do not support their position. In *La Belle v. Barclays Cap Inc.*, 340 F.R.D. 74, 84 (S.D.N.Y. 2022), the court found that "the duty to search for messages on [the employees'] personal cellphones did not arise until there was some indication that evidence relevant to plaintiff's claims was contained on the personal devices of those employees." However, the court emphasized that "our consideration of this issue *must be evaluated against the backdrop of the specific Barclays policy* that prohibited employees from discussing company business on such devices without company approval," and noted that it "was not prepared to find that Barclays acted unreasonably in assuming that its employees complied with such a policy." *Id.* (emphasis added). Here, not only did Defendants never raise this objection previously, but they did not base their objection on, nor did they identify, any rule prohibiting officers from using their personal email accounts for work-related incidents. *Volpe v. Ryder*, 2022 WL 4329475, at *4 (E.D.N.Y. Sept. 19, 2022), the first case Defendants cited, merely relied on *La Bella*, which is demonstrated, is distinguishable. Additionally, there, "Commissioner Ryder was ordered to submit a sworn statement, either by affidavit or declaration, attesting to whether his personal cell phone has ever been used for work-related purposes or not, on or before August 22, 2022" *Id.* And in that affidavit, he stated that he does not, and did not, have a personal cell phone at the time of the events relevant to the case, nor has he used a personal cell phone to discuss events relevant to the case or to conduct department-related business. *Id.* Here, no defendant affirmed that it did not use a personal email account to communicate pertaining to work-related matters and/or this case specifically.

Finally, while this Court should not entertain Defendants' sourly belated objection, if it does, Defendants should be ordered to submit affidavits attesting to whether they ever used their personal email accounts to communicate pertaining to work-related matters, and pertaining to the events underlying this action. This will serve the additional function of preserving any responsive emails and prevent the spoliation thereof. And if Plaintiff later obtains information indicating that any defendant did use a personal email account to communicate regarding this matter, Plaintiff will seek to reopen the respective defendants' depositions after the production of those emails, and will seek an award of sanctions due to the needless, and further, delays in completing discovery, as well as the additional costs Plaintiff will be made to bear.

Respectfully,

Anthony M. Grandinette