UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

| | |
|---|---|
| WILLIAM F. HASPER, | **(LGD)(ST)** |
| | **Docket No.: 20-CV-2349** |
| Plaintiff, | |
| - against - | |
| THE COUNTY OF NASSAU, THE NASSAU COUNTY POLICE DEPARTMENT, DETECTIVE/SERGEANT WILLIAM S. RUSSELL, DETECTIVE RYAN M. LUNT, DETECTIVE VINCENZO VACCHIANO, DETECTIVE THOMAS A. ROCHE, DETECTIVE JOHN PURCELL, DETECTIVE JONATHAN PANUTHOS, DETECTIVE/ SERGEANT NABIL HUSSAIN AND LT. VALERIE F. TROISE, AND JOHN AND JANE DOES NO. 1 AND NO. 2, | **ORDER FOR THE PRODUCTION OF DISCOVERY** |
| Defendants. | |

-----------------------------------------------------------------------------x

Upon reading and due deliberation of the submissions related to the status of discovery in this action, including the parties' joint discovery status letter dated April 10, 2023 (DE 40), Plaintiff's First Demand for the Production of Documents & Thing (DE 41-2), the parties' representations made during the telephonic status conference held on May 23, 2023, the parties' joint discovery status letter dated June 13, 2023 (DE 44), and the parties' agreed-upon list of Outstanding Discovery as of June 28, 2023 (DE 46-2) it is hereby ORDERED as follows:

1. Defendants shall produce all outstanding discovery—to the extent they exist, which are itemized in Exhibit A annexed hereto, titled "Outstanding Discovery as of June 28, 2023" (DE 46-2), on or before August 28, 2023;

2. Failure to do so may result in sanctions as determined by this Court; and

3. Counsel shall submit a joint status letter on or before September 5, 2023, advising this Court of:

    a. any discovery which Defendants have not produced to Plaintiff;

1

b. an explanation as to why that discovery was not produced, including Defendants' efforts to obtain the outstanding discovery;

c. the timeframe as to when the outstanding discovery is expected to be produced;

d. delays, if any, in Plaintiff's ability to commence Defendants' depositions due to Defendants' failure to produce the outstanding discovery; and

e. any proposed sanctions Plaintiff seeks for Defendants' failure to comply with Point 1 of this Order.

E N T E R

s/ Lee G. Dunst
_____
HON. LEE G. DUNST
UNITED STATES MAGISTRATE JUDGE

Dated: 6/29/2023

Central Islip, New York

# Hasper v. County of Nassau, et al.
# Outstanding Discovery as of June 28, 2023

1. Defendants will identify the authors of the following Bates Stamped pages:
   a. 151-153 (Possibly Police Officer C. Orlando 9895)
   b. 154-156 (Possibly Police Officer J. Villano 9861 OR V. Robichaud)
   c. 161
   d. 162
   e. 168
   f. 169

2. Defendants will explain what page Bates-stamped #244 is and why it was included in the file (It appears to be a record of calls made from the precinct). Identify whose phone the record came from.

3. Defendants will produce all emails from the business accounts of the following NCPD personnel responsive to the following search terms, for the following dates.

   a. Personnel:
      William S. Russell;
      Detective Ryan M. Lunt;
      Detective Vincent Vacchiano;
      Detective Thomas Roche;
      Detective Barry Purcell;
      Detective Johnathan Panuthos
      Detective/Sgt Nabil Hussain
      Lieutenant Valerie Troise
      Inspector Stillman (C/O internal affairs)

   b. Date Range:
      2/15/19 – 4/5/21

   c. Search Terms:
      William Hasper
      DOB: 11.3.66
      Arrest # 2019AR501556
      Crime Report# 2019CR310133
      Detective Division# 3-741-19
      Original Criminal Felony Complaint Docket # CR-0015138-19NA
      Indictment # 778N2019
      Accident Number 03-1242019
      Injury No. 12019-0054

4. Defendants will produce radio communication recordings (all bands/channels, including Main band 3rd, Detective band, command channels, Crime Scene, ESU, Highway Band, EMS, Tac-10, Tac-2, car-to-car) and MDT transmissions, encompassing the following:

    a. The events at Bethpage Federal Credit Union on 2/15/19 from 12:00 – 6:00 PM; and

    b. Defendants' two responses/visits to Plaintiff's home on 2/15/19 between 12:15 – 11:59 PM.

5. Defendants will produce the complete Background Event Chronology reports from 2/15/19, encompassing:
    a. Defendants' response to the Bethpage Federal Credit Union; and
    b. Defendants' two responses/visits to Plaintiff's home that day.

6. Defendants will produce the serious incident logs for, or any document that lists the NCPD personnel present on, 2/15/19, at the following incidents/locations:
    a. The Bethpage Federal Credit Union; and
    b. Defendants' two responses/visits to Plaintiff's home.

7. Defendants will produce HIPAA authorizations, as well any medical records in NCPD's possession, for Defendant Russell regarding:
    a. Dr. George Ackerman;
    b. Worker's Compensation file;
    c. Police surgeon's file; and
    d. Records from any doctor's visits after 2/5/20.

8. Defendants will produce Defendant Russel's outside employment records, from 2/15/15 through 2/15/21, as follows:
    a. Any documents filed by Defendant Russel re: Outside employment as delineated in NCPD Rules and Procedures; and
    b. Any records re: Federal or state tax liens against Defendant Russell.

9. Defendants will produce Third Precinct roll calls for:
    a. 2/17/19 (AM and PM)
    b. 2/18/19 (AM only)
    c. 3/9/19 (AM and PM)
    d. 5/6/19 (AM and PM)

10. Defendants will produce Third Squad Detectives logbook for:
    a. 2/15/19 (AM and PM)
    b. 2/16/19 (AM and PM)
    c. 2/17/19 (AM only)
    d. 3/9/19 (AM and PM)
    e. 5/6/19 (AM and PM)

11. Plaintiff's truck was photographed by NCPD Crime Scene, and Page Bates Stamped #077 seems to indicate an inventory search was conducted of Plaintiff's truck. Defendants will produce the following reports and records pertaining to an inventory and/or search of Plaintiff's truck following the 3/9/19 traffic stop:
    a. Inventory search;

      b. Evidentiary processing;
      c. Impound;
      d. Chain of custody; and
      e. Crime scene.

12. Defendants will produce the organizational chart for NCPD on 2/15/19 detailing the NCPD chain of command.

13. Defendants will produce Internal Affairs Bureau roll call sheets, blotters, and/or duty charts for 2/15-17/19 (all tours).

14. Defendants will produce all documents and records created by the Internal Affairs Bureau related to this case, including logbooks, memo books, notebooks, notes, reports, etc.

15. Defendants will produce all memo books, notebooks, and notes from all named and unnamed NCPD personnel who were present at Bethpage Federal Credit Union, and/or Plaintiff's home (either of both visits), on 2/15/19.

16. Defendants will identify all NCPD personnel who responded to Bethpage Federal Credit Union, and Plaintiff's home (both visits), on 2/15/19 by name, rank, and shield number.

17. Defendants will produce the NCPD Departmental Manual Table of Contents (following this production, Defendants will produce those sections which Plaintiff identifies from the Table of Contents).

18. Defendants will produce the NCPD training manuals covering the following topics:

      a. Basic criminal investigation and advanced criminal investigation;
      b. Police communication protocols;
      c. Instructing or prohibiting an officer from using his body to prevent the movement of an automobile;
      d. Motor vehicle pursuits;
      e. Publishing/issuing or revoking stolen vehicle alarms;
      f. Conducting/documenting inventory searches;
      g. Impounding vehicle procedures;
      h. Conducting vehicle and traffic stops;
      i. Applying for and executing search warrants;
      j. Record keeping and documenting investigations;
      k. Documenting and disclosing exculpatory and impeachment evidence;
      l. Arrest procedures;
      m. Arrest procedures without an arrest warrant;
      n. Handling and vouchering evidence, and documenting and preserving chain of custody;
      o. Prohibition against fabricating evidence;
      p. Duty to intercede and prevent criminal behavior and/or misconduct committed by other officers;

    q. Duty to report criminal behavior and/or misconduct committed by other officers; and

    r. Communicating with Prosecutors.

19. Defendants will produce the following personnel records:

    a. Defendant Roche: Any IAU files and retraining or disciplinary records associated with Complaints IA#1132009 and IA #3312011; and

    b. Defendant Hussain: Any IAU files and retraining or disciplinary records associated with Complaint IA#0382013.