# Exhibit B

NASSAU CO. ATTORNEY

2020 FEB 19 PM 2 42

---------------------------------------------------------------X
In the Matter of the Claims of WILLIAM F. HASPER,

                - against -

THE COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SGT. WILLIAM S. RUSSELL,
DET. RYAN M. LUNT, and JOHN AND JANE DOES 1-10.
---------------------------------------------------------------X

**NOTICE OF CLAIM**

COPY RECEIVED THIS 19 DAY OF February 2020
COUNTY ATTORNEY NASSAU COUNTY
BY _____

To:   The County of Nassau
      c/o Nassau County Attorney's Office
      1 West Street
      Mineola, New York 11788

    **PLEASE TAKE NOTICE** that Claimant, William F. Hasper, hereby makes claim and demands against the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, SGT. WILLIAM S. RUSSELL, DET. RYAN M. LUNT, AND JOHN AND JANE DOES 1-10, as follows:

1. The name and post office address of Claimant and Claimant's attorney:

    a. **Claimant:** William F. Hasper, 1006 Mitchel Field Way, Garden City, New York 11530

    b. **Claimant's Attorney:** The Law Office of Anthony M. Grandinette, 114 Old Country Road, Suite 420, Mineola, New York 11501.

2. The nature of the claims:

Claimant brings claims against the above-listed respondents due to their actions which resulted in Claimant being unlawfully charged with criminal activity and various infractions, and maliciously prosecuted on those charges. Claimant also brings claims for supervisory liability, and for vicarious liability pursuant to a theory of respondeat superior for the above-referenced

1

torts committed by employees of the County of Nassau and the Nassau County Police Department, including but not limited to Sgt. William S. Russell, Det. Ryan M. Lunt, and Nassau County Police John and Jane Does 1-10, within the scope of their employment. To the extent these individuals acted outside the scope of their employment, then the County of Nassau is liable for negligent hiring, training, supervision, and retention

**3. The time when, place where, and manner in which the claims arose:**

The claims asserted in this Notice of Claim pertain to Claimant's false arrest, amongst other torts committed against him, which arose due to an incident which occurred on February 15, 2019, in the parking lot of the Bethpage Federal Credit Union located at 750 Old County Road, Westbury, New York. On May 14, 2019, Claimant served a Notice of Claim upon the County of Nassau as to those torts. A copy of that Notice of Claim is annexed hereto as Exhibit A, and is fully incorporated herein. That initial Notice of Claim set forth some of the underlying facts and circumstances pertaining to the initiation of criminal proceedings against Claimant.

Following service of the initial Notice of Claim, Claimant was advised that he was indicted on the following seven counts:

1. Assault in the Second Degree in violation of Penal Law § 120.05(3), a class D felony;
2. Assault in the Third Degree in violation of Penal Law § 120.00(1), a class A misdemeanor;
3. Reckless Endangerment in the Second Degree in violation of Penal Law § 120.20, a class A misdemeanor;
4. Leaving the Scene of an Accident without Reporting in violation of Vehicle & Traffic Law § 600(2)(a), a class A misdemeanor;
5. Turning without properly signaling in violation of Vehicle & Traffic Law § 1163-a, a violation;
6. Obstructing the rear license plate in violation of Vehicle & Traffic Law § 402(1)(b), a violation; and
7. Excessively honking a horn in violation of Vehicle & Traffic Law § 375(1)(a), a violation.

Claimant was arraigned on the Indictment on May 20, 2019. On January 31, 2019, and February 3, 4, and 5, 2020, the matter was tried before the Hon. Christopher G. Quinn. On February 5, 2020, Judge Quinn found Claimant not guilty of Counts 1, 2, and 4, and those charges were all dismissed. While Claimant was found guilty of the remaining Counts, he disputes his guilt as to those charges.

4. **The items of damage or injuries claimed are:**

Due to the Respondents' actions, which they committed individually and/or in concert with others, Claimant's due process and civil rights were violated. He was falsely and maliciously prosecuted. He suffered, and continues to suffer, garden-variety emotional distress damages, including but not limited to embarrassment, humiliation, stress, and anxiety. To date, Claimant incurred approximately $200,000.00 in defending against the criminal charges and seeking to vindicate his rights.

5. Claimant hereby presents these claims for adjustment and payment. You are hereby notified that unless these claims are adjusted and paid within the time provided by law from the date of presentation to you, Claimant intends to commence action on these claims.

Dated: Mineola, New York
February 18, 2020

                                              The Law Office of Anthony M. Grandinette
                                              *Attorneys for Claimant*
                                              114 Old Country Road, Suite 420
                                              Mineola, New York 11501
                                              (516) 877-2889

By: _____
          Mirel Fisch

## VERIFICATION

STATE OF NEW YORK )
) SS.:
COUNTY OF NASSAU )

**WILLIAM F. HASPER,** being duly sworn, deposes and says that he is the Claimant in the herein Notice of Claim, he has read the foregoing Notice of Claim and knows the contents therein, that the same is true to deponent's own knowledge, except as to the matters stated therein to be alleged on information and belief, and as to those matters deponent believes them to be true.

_____
WILLIAM F. HASPER

Sworn to me before this
18th day of February 2020

_____
NOTARY PUBLIC

MIREL FISCH
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02FI6295525
Qualified in Kings County
Commission Expires January 6, 20__

4

# Exhibit A

```
-----------------------------------------------------------------------X
```
In the Matter of the Claims of WILLIAM F. HASPER,

                  - against -

THE COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SGT. WILLIAM S. RUSSELL,
DET. RYAN M. LUNT, and JOHN AND JANE DOES 1-10.
```
-----------------------------------------------------------------------X
```

**NOTICE OF CLAIM**

To:    The County of Nassau
        c/o Nassau County Attorney's Office
        1 West Street
        Mineola, New York 11788

        **PLEASE TAKE NOTICE** that Claimant, William F. Hasper, hereby makes claim and demands against the COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, SGT. WILLIAM S. RUSSELL, DET. RYAN M. LUNT, AND JOHN AND JANE DOES 1-10, as follows:

1. The name and post office address of Claimant and Claimant's attorney:

    a. Claimant: William F. Hasper, 1006 Mitchel Field Way, Garden City, New York 11530

    b. Claimant's Attorney: The Law Office of Anthony M. Grandinette, 114 Old Country Road, Suite 420, Mineola, New York 11501.

2. **The nature of the claims:**

        Claimant brings claims against the above-listed respondents due to their actions which resulted in Claimant being unlawfully arrested and charged with criminal activity and various infractions, falsely detained and imprisoned, and having his possessions unlawfully seized and searched. Claimant further brings claims for due process violations, malicious abuse of process,

1

and the fabrication of documents and evidence. Claimant also brings claims for supervisory liability, and for vicarious liability pursuant to a theory of respondeat superior for the above-referenced torts committed by employees of the County of Nassau and the Nassau County Police Department, including but not limited to Sgt. William S. Russell, Det. Ryan M. Lunt, and Nassau County Police John and Jane Does 1-10, within the scope of their employment.

3. **The time when, place where, and manner in which the claims arose:**

On February 15, 2019, at approximately 12:25 PM, Nassau County Police Department ("NCPD") Internal Affairs Unit Sgt. William S. Russell ("Sgt. Russell"), dressed in plainclothes and driving an unmarked car, entered the parking lot of the Bethpage Federal Credit Union located at 750 Old County Road, Carle Place, New York. Sgt. Russell was traveling eastbound on Old Country Road and made a right-hand turn to enter the parking lot. He stopped before fully entering the parking lot, causing traffic to be obstructed. Claimant, who was traveling westbound on Old Country Road, made a left-hand turn with the intention of entering the Bethpage Federal Credit Union parking lot. Claimant honked his horn for Sgt. Russell to pull forward, however Sgt. Russell refused to do so.

Eventually, Sgt. Russell pulled forward into a parking spot, which allowed Claimant to enter the parking area. Sgt. Russell approached Claimant's vehicle, and engaged Claimant in a verbal altercation. Sgt. Russell's behavior was outrageous, unprofessional, and disturbing.

Claimant then exited his vehicle, and walked toward the bank. Later, after existing Bethpage Federal Credit Union, Sgt. Russell once again started making derogatory comments to Claimant. Claimant attempted to leave the area to avoid any further altercations. The bank security guard had exited the bank, and yelled at Sgt. Russell to move out of the way to allow

Claimant to leave. Eventually, Claimant was able to leave the bank's parking lot. His truck never struck Sgt. Russell.

Later that same afternoon, Det. Ryan M. Lunt from the NCPD Third Squad ("Det. Lunt"), called Claimant. He told Claimant that Sgt. Russell stated he had identified himself as a police officer to Claimant, and that Claimant struck Sgt. Russell with his vehicle and thereafter left the scene. Claimant disputed Sgt. Russell's account, advised Det. Lunt what had actually occurred, and directed Det. Lunt to speak with the bank's security guard and to review the bank's video footage. Det. Lunt knew that Sgt. Russell's account of the incident was fabricated, because he confirmed to Claimant that he had viewed the video footage of the incident from the 7-11 store across the street, and had also spoken with the bank's security guard.

On Saturday, February 16, 2019, Claimant was notified that Det. Lunt intended to arrest Claimant, despite the fact that no probable cause existed for the arrest. Claimant retained a criminal defense attorney to represent him, and arrangements were made for Claimant to surrender himself at the NCPD Third Squad. Claimant surrendered himself the following day, February 17, at approximately 9:00 PM. At that time, Det. Lunt reconfirmed to Claimant that he had spoken to the bank security guard, who witnessed the events, and also reviewed the video footage of the incident from both the bank and 7-11 video cameras. Det. Lunt therefore *knew* that there was no probable cause to charge Claimant with *any* criminal activity. Members of the NCPD also issued a knowingly-false alarm which stated that Claimant's vehicle was stolen, and that the operator of the stolen vehicle was armed and dangerous.

Det. Lunt charged Claimant, in a Felony Complaint, with Assault in the Second Degree with Intent to Prevent Performance of Lawful Duty Causing Physical Injury to Officer in violation of PL § 120.05(3), a Class D Felony (violent), and Leaving the Scene of an Accident

with Physical Injury in violation of VTL § 600(2)(A), a Class A misdemeanor. The Felony Complaint completed by Det. Lunt also included additional fabricated charges which Sgt. Russell falsely brought against Claimant; Unsafe Left Turn in violation of VTL § 1163(A); Rear License Plate Obstructed/Covered by Glass/Plastic in violation of VTL § 402(1)(b), and Excessive Use of Horn in violation of VTL § 375(1)(A). *See* Exhibit A annexed hereto. Sgt. Russell and Det. Lunt both knew there was no probable cause, and no basis, to charge Claimant with these offenses and/or infractions, but nonetheless agreed to falsely arrest and charge him.

Claimant was arraigned on the fabricated charges the following day, February 18, 2019. At his arraignment, at the request of the NCPD personnel which was maliciously made, the prosecutor requested $50,000 bail, for a West Point graduate, Airborne Ranger, combat veteran and retired Suffolk County Police Department Lieutenant with strong community ties to Nassau County. Bail was set in the amount of $10,000 bond over $5,000 cash, which Claimant posted.

On Saturday, March 9, 2019, at 6:35 PM, at the intersection of Carll's Path and Long Island Avenue, Deer Park, New York, Claimant was unlawfully stopped by members of the Suffolk County Police Department, at gun point, due to the false NCPD alarm. Claimant was placed in handcuffs and held against his will for over an hour. Claimant advised the SCPD personnel that he was the registered owner of the truck, and that his truck was never stolen or reported stolen. While Claimant was ultimately released, he was prohibited from entering his truck due to the false NCPD alarm. Eventually, a NCPD Emergency Service Unit vehicle arrived, a NCPD officer exited that vehicle, got in Claimant's truck, and drove it away, without consent or any other legal basis to do so. NCPD unlawfully retained possession of Claimant's truck for 10 days, and unlawfully searched it.

On Monday, May 6, 2019, at approximately 1:55 PM, Claimant was stopped in his truck, again, this time by New York State Trooper M. Guadalupe, while he was driving southbound on the Cross Island Parkway, approximately two miles north of Northern Boulevard. Trooper Guadalupe advised Claimant that he stopped Claimant due to the alarm out of the NCPD Third Squad. Claimant was detained until Trooper Guadalupe was able to confirm Claimant's account that there was no basis for the stop and the NCPD alarm, and he was ultimately released.

4. **The items of damage or injuries claimed are:**

Due to the Respondents' actions, which they committed individually and/or in concert with others, Claimant's due process and civil rights were violated, he was falsely arrested and charged with criminal activity and numerous infractions, falsely imprisoned, and he was subjected to illegal searches and seizures and malicious abuse of criminal process. He suffered, and continues to suffer, severe and garden-variety emotional distress damages, including embarrassment and humiliation. To date, Claimant incurred approximately $140,000.00 in defending against the criminal charges and seeking to vindicate his rights. However the total extent of his out-of-pocket expenses is not yet known as the criminal proceedings are still pending against Claimant, and he anticipates expending additional costs and fees related thereto.

5. Claimant hereby presents these claims for adjustment and payment. You are hereby notified that unless these claims are adjusted and paid within the time provided by law from the date of presentation to you, Claimant intends to commence action on these claims.

Dated: Mineola, New York
May 13, 2019

                                          The Law Office of Anthony M. Grandinette
                                          *Attorneys for Claimant*
                                          114 Old Country Road, Suite 420
                                          Mineola, New York 11501
                                          (516) 877-2889

                              By: _____
                                        Anthony M. Grandinette

## VERIFICATION

STATE OF NEW YORK    )
                              ) SS.:
COUNTY OF NASSAU   )

    **WILLIAM F. HASPER,** being duly sworn, deposes and says that he is the Claimant in the herein Notice of Claim, he has read the foregoing Notice of Claim and knows the contents therein, that the same is true to deponent's own knowledge, except as to the matters stated therein to be alleged on information and belief, and as to those matters deponent believes them to be true.

                                                            _____
                                                            WILLIAM F. HASPER

Sworn to me before this
13th day of May 2019

_____
NOTARY PUBLIC

                                        MIREL FISCH
                             NOTARY PUBLIC, STATE OF NEW YORK
                             Registration No. 02FI6295525
                             Qualified In Kings County
                             Commission Expires January 6, 20 22

# Exhibit A

# FELONY COMPLAINT

Citation No.  
Case No: 2019CR310133

Return Date: 02/18/2019  
Docket No.: CR-005138-19NA

DISTRICT COURT OF THE COUNTY OF NASSAU  
FIRST DISTRICT

THE PEOPLE OF THE STATE OF NEW YORK  
    -against-

| Name | DOB | Age | Address | Arrest No | Arrest Date/Time |
|---|---|---|---|---|---|
| Hasper, William F | 11/3/1966 | 52 | 1006 MITCHEL FIELD WAY EAST GARDEN CITY, NY 11530 | 2019AR501556 | 2/17/2019 21:25 |

In the State of New York, County of Nassau: DET Ryan M Lunt, Shield No. 1313, being a member of the Nassau County Police Department deposes and says that on or about the 15th day of February, 2019, at about 12:25 PM, and between the 15th day of February, 2019, at about 12:30 PM, at ifo 750 old country rd. carle place, the defendant committed the following offense(s):

| Count | Offense | Desc. | Class-Category |
|---|---|---|---|
| 1 | PL 120.05 03 | ASSAULT 2ND: W/INTENT CAUSE PHYS INJURY TO OFFICER/FIREMAN | D - F Violent |
| 2 | VTL 600 2AA | LEAVE SCENE OF INCIDENT: INJURY- 1ST OFFENSE | A - M |
| 3 | VTL 1163 A | UNSAFE TURN/FAILURE TO SIGNAL | - I |
| 4 | VTL 402 1B | REGISTRATION OF MV COVERED OR DISTORTED PLATE | - I |
| 5 | VTL 375 1A | EQUIPMENT INADEQUATE BRAKES/STEERING/HORN | - I |

Count 1 - A person is guilty of assault in the second degree when: 3. With intent to prevent a peace officer, a police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, New York city sanitation worker, a firefighter, including a firefighter acting as a paramedic or emergency medical technician administering first aid in the course of performance of duty as such firefighter, an emergency medical service paramedic or emergency medical service technician, or medical or related personnel in a hospital emergency department, a city marshal, a traffic enforcement officer or traffic enforcement agent, from performing a lawful duty, by means including releasing or failing to control an animal under circumstances evincing the actor's intent that the animal obstruct the lawful activity of such peace officer, police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, New York city sanitation worker, firefighter, paramedic, technician, city marshal, traffic enforcement officer or traffic enforcement agent, he or she causes physical injury to such peace officer, police officer, prosecutor as defined in subdivision thirty-one of section 1.20 of the criminal procedure law, registered nurse, licensed practical nurse, sanitation enforcement agent, New York city sanitation worker, firefighter, paramedic, technician or medical or related personnel in a hospital emergency department, city marshal, traffic enforcement officer or traffic enforcement agent.

Count 2 - Any person operating a motor vehicle who, knowing or having cause to know that personal injury has been caused to another person, due to an incident involving the motor vehicle operated by such person shall, before leaving the place where the said personal injury occurred, stop, exhibit his or her license and insurance identification card for such vehicle, when such card is required pursuant to articles six and eight of this chapter, and give his or her name, residence, including street and street number, insurance carrier and insurance identification information including but not limited to the number and effective dates of said individual's insurance policy and license number, to the injured party, if practical, and also to a police officer, or in the event that no police officer is in the vicinity of the place of said injury, then, he or she shall report said incident as soon as physically able to the nearest police station or judicial officer.

Count 3 - No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section eleven hundred sixty, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.

Count 4 - Distinctive number, form of number plates, trailers. 1. (b) Number plates shall be kept clean and in a condition so as to be easily readable and shall not be covered by glass or any plastic material, and shall not be knowingly covered or coated with any artificial or synthetic material or substance that conceals or obscures such number plates or that distorts a recorded or photographic image of such number plates, and the view of such number plates shall not be obstructed by any part of the vehicle or by anything carried thereon, except for a receiver-transmitter issued by a publicly owned tolling facility in connection with electronic toll collection when such receiver-transmitter is affixed to the exterior of a vehicle in accordance with mounting instructions provided by the tolling facility.

Count 5 - Every motor vehicle, operated or driven upon the public highways of the state, shall be provided with adequate brakes and steering mechanism in good working order and sufficient to control such vehicle at all times when the same is in use, and a suitable and adequate horn or other device for signaling, which horn or device shall produce a sound sufficiently loud to serve as a danger warning but shall not be used other than as a reasonable warning nor be unnecessarily loud or harsh.

To Wit: Deponent states that deponent is informed by victim, who is an on duty Police Sergeant of Nassau County Police Department, that on February 15, 2019 at approximately 12.25 pm, that victim was working and in Plain Clothes. Deponent further states that deponent is informed by victim that victim was entering the parking lot of Bethpage Federal Credit Union located at 750 Old Country Rd. Westbury.

Deponent further states that Deponent is informed by victim that victim did observe Defendant Hasper operating NY Registration 88USMA 2015 Black GMC Sierra Pickup in violation of VTL's 1163A Unsafe Left Turn and 3751A Excessive Use of Horn. After exiting their motor vehicles in the parking lot, Victim did approach the defendants vehicle and identified himself as an on duty Nassau County Police Sergeant verbally and by displaying his shield. The Victim did explain to defendant Hasper that he was going to call for a marked police motor vehicle and issue him a traffic summons. At 1230hrs Victim while standing in the rear of defendants vehicle in an attempt to take police action did notice an additional VTL 402.1b rear License Plate obstructed. The defendant did then put his vehicle in reverse and did intentionally strike the victim multiple times with his motor vehicle in an attempt to flee the scene. The victim did then walk around to the front of defendants motor vehicle at which time the defendant did again intentionally strike the victim causing the victim substantial pain and physical injury to his right leg. The defendant did leave the scene without identifying himself which is in violation of 600.2a leaving the scene of incident with physical injury.

The above is based on information and belief, the source of said information and basis for said belief being the investigation conducted by your deponent, the information given to your deponent by the victim, the signed supporting deposition of the witness, and surveillance video of the incident.

Any false statements made herein are punishable as a class A misdemeanor pursuant to Section 210.45 of the Penal Law, and as other crimes.

Subscribed before me this 18th day of February, 2019

_____        _____
DET Ryan M Lunt                          LT Justin E Garbedian

## Ticket BD3447776

New York State - Department of Motor Vehicles
SIMPLIFIED INFORMATION / COMPLAINT
The People of The State of New York VS
POLICE AGENCY: NCPD

- LAST NAME: HASPER
- FIRST NAME: WILLIAM
- M.I.: F
- NUMBER & STREET ADDRESS: 1006 MITCHEL FIELD
- CITY: GARDEN CITY
- STATE: NY
- ZIP CODE: 11503
- LIC CLASS/ID TYPE: D
- I.D. NUMBER: 594 885 757
- SEX: M
- DATE OF BIRTH: 11/03/66
- STATE: NY
- LICENSE EXPIRES: 11/03/20
- VEH. TYPE: PU
- VEH. YR: 2015
- VEH. MAKE: GMC
- VEH. COLOR: BLK
- PLATE #: 88USMA
- REG. STATE: NY
- REGISTRATION EXPIRES: 05/28/19
- TIME: 1225
- DATE OF OFFENSE: 02/15/19
- VTL: ●
- IN VIOLATION OF: 1163A
- DESCRIPTION / NARRATIVE: UNSAFE LEFT TURN
- PLACE OF OCCURRENCE: W/B OLD COUNTRY RD
- IN THE: (Town)
- OF: WESTBURY
- COUNTY OF: NASSAU
- PRECINCT: C3
- COMPLAINANT: William Russell / SGT WILLIAM RUSSELL
- DATE AFFIRMED: 02/15/19
- OFFICER ID #: 8785
- OFFICER'S COMMAND: IAU
- COURT OF: First District
- COUNTY OF: NASSAU
- ADDRESS: 99 Main St
- CITY: Hempstead
- STATE: NY
- ZIP CODE: 11550
- MUST APPEAR IN PERSON ON: 2/18/19 at 9:00 AM

BD3447776

## Ticket BD3447312

New York State - Department of Motor Vehicles
SIMPLIFIED INFORMATION / COMPLAINT
The People of The State of New York VS
POLICE AGENCY: NCPD

- LAST NAME: Hasper
- FIRST NAME: William
- M.I.: F
- NUMBER & STREET ADDRESS: 1006 Mitchel Field
- CITY: Garden City
- STATE: NY
- ZIP CODE: 11530
- LIC CLASS/ID TYPE: D
- I.D. NUMBER: 594 885 754
- SEX: M
- DATE OF BIRTH: 11/03/66
- STATE: NY
- LICENSE EXPIRES: 11/03/20
- VEH. TYPE: PU
- VEH. YR: 2015
- VEH. MAKE: GMC
- VEH. COLOR: BLK
- PLATE #: 88USMA
- REG. STATE: NY
- REGISTRATION EXPIRES: 05/28/19
- TIME: 1230
- DATE OF OFFENSE: 02/15/19
- VTL: ●
- IN VIOLATION OF: 600 2A
- DESCRIPTION / NARRATIVE: Leaving Scene of of incidents w Injury.
- PLACE OF OCCURRENCE: PKing lot of 750 Old Country Rd.
- IN THE: (Town)
- OF: Westbury
- COUNTY OF: Nassau
- PRECINCT: 03
- COMPLAINANT: Ryan Lunt Det
- DATE AFFIRMED: 02/17/19
- OFFICER ID #: 8894
- OFFICER'S COMMAND: 352
- COURT OF: First District
- COUNTY OF: NASSAU
- ADDRESS: 99 Main St
- CITY: Hempstead
- STATE: NY
- ZIP CODE: 11550
- MUST APPEAR IN PERSON ON: 2/18/19 at 9:00 AM

BD3447312

## Ticket BD3447791

**New York State - Department of Motor Vehicles**
**SIMPLIFIED INFORMATION / COMPLAINT**
The People of The State of New York VS

- POLICE AGENCY: NCPD
- LAST NAME: HASPER
- FIRST NAME: WILLIAM
- M.I.: F
- NUMBER & STREET ADDRESS: 1006 MITCHEL FIELD
- CITY: GARDEN CITY
- STATE: NY
- ZIP CODE: 11530
- OWNER IS: OPER
- LIC CLASS/ID TYPE: D
- I.D. NUMBER: 594885754
- SEX: M
- DATE OF BIRTH: 110366
- STATE: NY
- LICENSE EXPIRES: 110320
- VEH TYPE: PU
- VEH YR: 2015
- VEH MAKE: GMC
- VEH COLOR: BLK
- PLATE #: 88USMA
- REG STATE: NY
- REGISTRATION EXPIRES: 052819

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS
- TIME: 1225
- DATE OF OFFENSE: 021519
- IN VIOLATION OF: 40 2 1 6
- DESCRIPTION / NARRATIVE: REAR LICENSE PLATE OBSTRUCTED / COVERED BY GLASS / PLASTIC
- PLACE OF OCCURRENCE: W/B OLD COUNTRY RD
- Town: WESTBURY
- COUNTY OF: NASSAU
- PRECINCT: 03
- COMPLAINANT: SGT WILLIAM RUSSELL
- DATE AFFIRMED: 021519
- OFFICER ID #: 8785
- OFFICER'S COMMAND: FAU

THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW IN THE:
- COURT OF: First District
- COUNTY OF: Nassau
- ADDRESS: 99 Main St
- CITY: Hempstead
- STATE: NY
- ZIP CODE: 11550
- MUST APPEAR IN PERSON ON: 2/18/19 at 9:00 AM

BD3447791

## Ticket BD3447780

**New York State - Department of Motor Vehicles**
**SIMPLIFIED INFORMATION / COMPLAINT**
The People of The State of New York VS

- POLICE AGENCY: NCPD
- LAST NAME: HASPER
- FIRST NAME: WILLIAM
- M.I.: F
- NUMBER & STREET ADDRESS: 1006 MITCHEL FIELD
- CITY: GARDEN CITY
- STATE: NY
- ZIP CODE: 11530
- OWNER IS: OPER
- LIC CLASS/ID TYPE: D
- I.D. NUMBER: 594885754
- SEX: M
- DATE OF BIRTH: 110366
- STATE: NY
- LICENSE EXPIRES: 110320
- VEH TYPE: PU
- VEH YR: 2015
- VEH MAKE: GMC
- VEH COLOR: BLK
- PLATE #: 88USMA
- REG STATE: NY
- REGISTRATION EXPIRES: 052819

THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS
- TIME: 1225
- DATE OF OFFENSE: 021519
- IN VIOLATION OF: 375 1A
- DESCRIPTION / NARRATIVE: EXCESSIVE USE OF HORN
- PLACE OF OCCURRENCE: W/B OLD COUNTRY RD
- Town: WESTBURY
- COUNTY OF: NASSAU
- PRECINCT: 03
- COMPLAINANT: WILLIAM RUSSELL SGT
- DATE AFFIRMED: 021519
- OFFICER ID #: 8785
- OFFICER'S COMMAND: FAU

THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW IN THE:
- COURT OF: First District
- COUNTY OF: Nassau
- ADDRESS: 99 Main St
- CITY: Hempstead
- STATE: NY
- ZIP CODE: 11550
- MUST APPEAR IN PERSON ON: 2/18/19 at 9:00 AM

BD3447780

---------------------------------------------------------------X

In the Matter of the Claims of WILLIAM F. HASPER,

- against -

THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, SGT. WILLIAM S. RUSSELL, DET. RYAN M. LUNT, and JOHN AND JANE DOES 1-10.

---------------------------------------------------------------X

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF CLAIM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

**THE LAW OFFICE OF ANTHONY M. GRANDINETTE**
Attorneys for Claimant
114 Old Country Road, Suite 420
Mineola, New York 11501
(516) 877-2889

---

COPY RECEIVED THIS 14
DAY OF May    20 19
COUNTY ATTORNEY, NASSAU COUNTY
BY Kathryn Rapp

2019 MAY 14 PM 1 58
NASSAU CO. ATTORNEY

------------------------------------------------------------------X
In the Matter of the Claims of WILLIAM F. HASPER,

- against -

THE COUNTY OF NASSAU, NASSAU COUNTY POLICE
DEPARTMENT, SGT. WILLIAM S. RUSSELL,
DET. RYAN M. LUNT, and JOHN AND JANE DOES 1-10.
------------------------------------------------------------------X

**********************************************************************

### NOTICE OF CLAIM

**********************************************************************

**THE LAW OFFICE OF ANTHONY M. GRANDINETTE**
Attorneys for Claimant
114 Old Country Road, Suite 420
Mineola, New York 11501
(516) 877-2889